■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARTER, SR., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 5, 1984, convicting him of tampering with a witness in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726). Upon service upon him of a copy of this decision and order, with notice of entry, the

official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Nassau County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Nassau County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

The defendant stated at the trial that he was willing to stipulate to the effect that charges were pending against him and that he was aware that Sheila James would be called as a witness at his previous trial. He requested, however, that the prosecutor be precluded from eliciting testimony as to the nature of the charges pending against him, which involved, *inter alia,* alleged assaults on Sheila James. The court denied the request. Thereafter, the prosecutor introduced testimony with regard to the nature and details of the assaults and the extent of the injuries suffered by the victim. The prosecutor made additional references to the previously charged crimes in his summation. The court also permitted the introduction of testimony and letters allegedly written by the defendant to establish that he had committed certain unspecified wrongful acts against Sheila James, and that he had been in jail immediately prior to the present incident.

We find that the court improperly permitted the People to introduce evidence of previously charged crimes, and that the defendant was thereby denied a fair trial. The court is required, in determining the admissibility of prior criminal acts, to weigh the probative value of the evidence against its potential for prejudice *(see, People v Ventimiglia,* 52 NY2d 350, 359-360; *People v v Smalls,* 94 AD2d 777, 778). Here, although we recognize that the evidence as to the prior crimes may have been probative on the issue of motive *(see, People v*

*Molineux,* 168 NY 264), the court should have minimized the potential for prejudice by limiting such testimony to a statement that the prior charges were pending against the defendant on the date the tampering was alleged to have occurred, and that he was aware that Sheila James would be called as a witness at his trial. Otherwise, the jury may have convicted the defendant on the basis of his prior criminal history rather than upon a finding of his guilt beyond a reasonable doubt of the crime charged *(see, People v Ventimiglia, supra; People v Blanchard,* 83 AD2d 905). Accordingly, a new trial is required. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.